622 A.2d 1362

MARIA VAZQUEZ, PLAINTIFF, v. YOUNG MEN'S CHRISTIAN
ASSOCIATION OF SOMERSET COUNTY, NEW JERSEY; UM
HOLDING COMPANY, T/A TROTTER TREADMILLS, INC.,
AND PERFORMANCE SERVICE COMPANY, DEFENDANTS.

Superior Court of New Jersey
Law Division Somerset County

Decided September 11, 1992.

*John J. Kapp* for plaintiff, *Maria Vazquez* (*D'Alessandro and Jacovino,* attorneys).

*D. Mark Leonard* for defendant, UM Holding Company (*McCarter* and *English,* attorneys).

## OPINION

ARNOLD, P.J.Cv.

This is the return date of a motion filed by the plaintiff to compel the defendant to provide the plaintiff with photocopies of all records and reports which defense counsel obtained from the plaintiff's treating physicians. Defense counsel paid plaintiff's treating physicians $235 for those records and reports and offered to allow plaintiff's counsel to inspect those records and reports without charge, but has refused to provide plaintiff's counsel with photocopies unless plaintiff's counsel pays $235

plus a $12.25 photocopying charge. After the motion was filed defense counsel offered to "split the cost" of obtaining the records and reports, but plaintiff's counsel rejected that offer. Counsel requested oral argument on the motion, and this court ruled that the plaintiff had to pay $247.25 in order to obtain copies of the records and reports. This opinion is intended to supplement the court's earlier ruling.

Briefly, the facts in this matter are as follows: This is a products liability action in which the plaintiff alleges that she was injured while using a treadmill manufactured by the defendant UM Holding Company. The complaint alleges that the treadmill has a design defect which proximately caused her injury and plaintiff seeks damages for pain and suffering, disability and impairment, and reimbursement for medical expenses.

Pursuant to *R.*4:18 the defendant requested plaintiff to produce: "Any and all hospital or medical records of any type whatsoever or copies thereof in the possession of plaintiff or their attorney with respect to the conditions complained of in this action." Plaintiff responded by supplying three pages of a treating doctor's office notes and, later, that doctor's report. The defendant also propounded interrogatories on the plaintiff which sought similar information and in response thereto plaintiff sent a "List of Medical Specials" which listed four physicians, or groups of physicians, who had provided medical services to the plaintiff for injuries allegedly sustained while using the treadmill. The defendant then requested that the plaintiff provide defendant with medical authorizations so that the defendant could obtain copies of plaintiff's medical records and reports from those doctors. Plaintiff signed the authorizations and defense counsel then obtained the records and reports at issue from plaintiff's treating physicians. Defense counsel paid the doctors $235 for the records and reports. A year after filing the complaint, plaintiff filed this motion to obtain the medical records and reports of plaintiff's treating physicians.

Both parties agree that the Rules Governing Pretrial Discovery do not cover this issue. However, the plaintiff argues that the common practice of providing medical authorizations derives from the authority in *R*.4:14–7(c) to obtain such records by subpoena. That rule requires a party to whom evidence is furnished pursuant to a subpoena to make the evidence available to all other parties for inspection and copying. Thus, plaintiff argues that plaintiff is entitled to photocopies of those records and reports without charge. Defendant argues that plaintiff's motion raises "the broader issue of who should properly bear the cost of obtaining plaintiff's medical records," and that because plaintiff's counsel needs plaintiff's medical records to accurately respond to discovery requests, as well as to evaluate plaintiff's case, it is plaintiff, who should bear the cost of obtaining these records.

Preliminarily, this court rejects plaintiff's contention that *R*.4:14–7(c) requires defendant to provide plaintiff with copies of plaintiff's medical records. That rule was intended to prohibit attorneys from obtaining discovery from non-parties without notice and without authorization. It was specifically directed toward preventing the disclosure by an expert of privileged information without notice to other parties. *N.J.Sup.Ct.Comm. on Civil Practice Rep.* (1992), *reprinted in* 130 *N.J.L.J.* 529, 533 (Feb. 24, 1992); *N.J.Sup.Ct. Comm. on Civil Practice Rep.* (1986), 25–26, *reprinted in* 118 *N.J.L.J.* 117, 121 (July 24, 1986). Here, disclosure was authorized by the plaintiff and no privileged information is contained in the reports and records of the physicians who treated plaintiff for the injuries allegedly sustained as a proximate result of the alleged design defect in the treadmill. *See Lazorick v. Brown*, 195 *N.J.Super.* 444, 480 *A*.2d 223 (App.Div.1984); *N.J.S.A.* 2A:84A–22.4.

This court holds that plaintiff must pay $247.25 to obtain copies of the reports and records from the defendant for the following reasons:

First, *R.*4:17–4(e) appears to require the plaintiff to obtain the records and reports of plaintiff's treating physicians so that plaintiff can provide them to the defendant if requested in an interrogatory. While that rule does not specifically state that the plaintiff must obtain copies of those records and reports, it is implicit therein. If it is the plaintiff who must obtain the records and reports, it would also appear to be implicit that the plaintiff must pay the doctors for those records and reports.

Second, requiring plaintiff to obtain these records and reports will foster greater compliance with *R.*1:4–8 as more lawyers will obtain such records and reports before filing a complaint.

Third, requiring plaintiff to obtain such records and reports and provide them to defense counsel should encourage plaintiff's counsel to investigate the case before filing suit. This will facilitate settlement, encourage pleading with greater particularity, and expedite pretrial discovery.

Accordingly, plaintiff's motion to require defendant to provide plaintiff with the records and reports at no cost to plaintiff is denied.